CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 25 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Crim. No. 7:06-cr-00021-2 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID LEE MARTIN, JR., #12005-084, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |
| | ) | |

Defendant David Lee Martin, Jr. has filed a "Motion for Reconsideration Reduction," ECF No. 81, in which he requests a reduction in his sentence based on his post-sentencing efforts at rehabilitation. He includes copies of various certificates he has earned while incarcerated. While the Court commends Martin for his efforts to prepare himself to be a productive citizen upon his release from incarceration, the Court must nonetheless deny his current motion. The statute he relies upon, 18 U.S.C. § 3742(e), does not provide authority for the Court to change an already imposed criminal sentence based on a motion by the defendant himself, regardless of the reasons he may offer for the requested reduction. Instead, § 3742 simply authorizes a criminal defendant to appeal his sentence to the court of appeals and subsection (e) explains the determinations the court of appeals makes when reviewing sentences. This Court thus has no authority under § 3742 to reduce Martin's sentence,[1] and finds no other authority allowing alteration of Martin's sentence at this time for any reason.

---

[1] Martin also cites to several cases in support of his claim for relief under § 3742(e), including Pepper v. United States, 131 S. Ct. 1229 (2011). In Pepper, the defendant's sentence had been set aside on appeal, and the Supreme Court held that the trial court could consider the defendant's post-sentencing rehabilitation when it resentenced him. Here, Martin's sentence had not been set aside or vacated on appeal, and he is not being resentenced. Neither Pepper nor the other cases cited by Martin, therefore, provide this Court authority to reduce his sentence.

Instead, this Court has authority to modify or correct a previously imposed sentence only in a limited number of circumstances, most of which are set forth in 18 U.S.C. § 3582(c). See Freeman v. United States, 131 S. Ct. 2685, 2690 (2011) ("Federal courts are forbidden, as a general matter, to "modify a term of imprisonment once it has been imposed," subject to "a few narrow exceptions."). Section 3582(c) allows such modification only under the following circumstances: (1) when the Director of the Bureau of Prisons ("BOP") moves the Court to modify the sentence for reasons outlined in § 3582(c)(1)(A); (2) as otherwise expressly permitted by statute or by Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Martin fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter his sentence.

For the foregoing reasons, it is hereby

**ORDERED**

that Martin's motion for sentence reduction, ECF No. 81, is hereby **DENIED**.

The Clerk is directed to send certified copies of this order to the defendant and to counsel of record for the government.

ENTER: This 25th day of February, 2013.

_____
James C. Turk
Senior United States District Judge

2