IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                                        )<br>v.                                            )<br>                                       )<br>DAVID LEE MARTIN            ) | Criminal Action No. 7:06-cr-00021<br><br>By: Elizabeth K. Dillon<br>      United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant David Lee Martin's motion for early termination of supervised release. (Dkt. No. 87.) Both the government and the probation office indicate that they do not oppose early termination. The court will grant Martin's motion.[1]

## I. BACKGROUND

In 2006, Martin pled guilty to conspiracy to distribute more than 500 grams of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to a total of 180 months imprisonment and five years of supervised release. (Dkt. No. 45.) Martin has served more than half of his supervised release term.

Martin has been employed since his release from prison. He has made relationships in his community, including with the pastor where Martin regularly attends church. Martin is a homeowner, pays his bills regularly, and cares for his aging mother. He has been in full compliance with the terms and conditions of his supervised release.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant

---

[1] A hearing is not necessary because the relief sought is favorable to Martin and the government does not oppose the motion. Fed. R. Crim. P. 32.1(c)(2).

and the interest of justice.  As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant, and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  In addition, the inquiry is broader than the individual's conduct.  *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999).  "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals."  *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination.  *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

Martin argues that while he made poor choices when he was younger, now almost 20 years ago, he has righted many of the wrongs in his life.  By all accounts, Martin currently appears to be an upright citizen and positive influence on his family and community.  As a result, further supervision is not necessary to protect the public from further crimes.  Having already served a lengthy sentence and term of supervised release, the goals of promoting deterrence, encouraging respect for the law, and providing just punishment for the offense have been accomplished.  Therefore, the court finds that the interests of justice favor the termination of supervised release.

## III.  CONCLUSION

For the foregoing reasons, Martin's motion for early termination of supervised release will be granted.  The court will issue an appropriate order.

Entered: January 6, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge